**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VLADIMIR BRUNAT; DAGMAR BRUNAT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ONEWEST BANK FSB; DEUTSCHE BANK NATIONAL TRUST COMPANY; UNKNOWN PARTIES, <br><br> Defendants - Appellees. | No. 11-16180 <br><br> D.C. No. 2:09-cv-01796-FJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted May 14, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Dagmar and Vladimir Brunat obtained a loan from IndyMac that was subsequently assigned to Deutsche Bank. The Brunats argue that the district court erred in granting summary judgment to IndyMac on their claims that IndyMac violated the Truth in Lending Act (TILA), 15 U.S.C. § 1635, by failing to provide the Brunats two copies of their right to rescind the loan; and that their loan is repayable in the form of real property upon recission. We review de novo the district court's grant of summary judgment. *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007).

There is no evidence that IndyMac failed to provide two copies of the right to rescind. IndyMac offers a document signed by the Brunats in September 2006, acknowledging that they received two copies of the right to rescind. The only evidence that the Brunats offer that they did not get the notice is a conclusory statement that Vladimir Brunat does "not recall" getting any notice. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

As IndyMac did not violate TILA, the Brunats have no right to rescind, and we need not consider whether the loan is repayable in real property.

AFFIRMED.